**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Lisa M. Lawrence** (SBN 240375)
213.377.5504 | llawrence@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
LVNV Funding, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SAMANO,<br><br>         Plaintiff,<br>v.<br><br>LVNV FUNDING, LLC<br><br>         Defendant. | Case No.: 1:21-cv-01692-SKO<br><br>*[Assigned for all purposes to Hon. Shelia K. Oberto, Magistrate Judge]*<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**<br><br>Date:   June 22, 2022<br>Time:   9:30 a.m.<br>Crtrm.: 7 |

— 1 —

DEFENDANT LVNV FUNDING, LLC'S MOTION TO DISMISS PLAINTIFF'S FAC

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on June 22, 2022 at 9:30 a.m., or as soon as may be heard thereafter, in Courtroom 7 of the Robert E. Coyle United States Courthouse, located at 2500 Tulare Street, Fresno, CA 93721, the Honorable Shelia K. Oberto presiding, Defendant LVNV Funding, LLC ("Defendant") will, and hereby does, move for an order dismissing Plaintiff Luis Samano's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.

Plaintiff's single remaining claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") continues to fail because contrary to this Court's April 18, 2022 Order (ECF No. 20 – "Order"), Plaintiff has alleged no injury-in-fact to establish Article III standing, nor any debt collection activity by Defendant. Specifically, the FAC contains no allegations of "tangible, monetary harm" (Order, pp. 5:27-6:14) and "no facts from which a collection-related motivation could be inferred" (*Id.*, p. 9:9-17).

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and any other argument that may be presented in support of this Motion.

This Motion is made following a conference of counsel that took place on February 24, 2022 regarding the legal arguments made in this Motion that were previously presented to the Court.

DATED: May 17, 2022                    YU | MOHANDESI LLP

                                       By   */s/ B. Ben Mohandesi*
                                          B. Ben Mohandesi
                                          Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Luis Samano ("Plaintiff") has failed to correct the deficiencies identified by this Court in its April 18, 2022 Order Vacating Hearing and Granting in Part Defendant's Motion for Judgment on the Pleadings (ECF No. 20 – "Order"). In its Order, the Court dismissed without leave to amend Plaintiff's second and third claims for alleged violation of the California Rosenthal Fair Debt Collection Practices Act, § 1788, *et seq.* ("RFDCPA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785, *et seq.* ("CCRAA"). *See* Order, p. 12:13-17. However, the Court granted Plaintiff leave to amend his first claim for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Specifically, the Court allowed Plaintiff to amend his "Article III standing allegations" to include the factual assertions set forth in his Declaration (ECF No. 19-1), and to "allege conduct 'in connection with the collection of any debt.'" *Id.*

Contrary to this Court's Order, Plaintiff's First Amended Complaint (ECF No. 23 – "FAC") is devoid of any additional allegations relating either to standing or debt collection activity. As to standing, Plaintiff reasserts the identical paragraph from his Complaint (ECF No. 1), describing his vague "negative emotions" and fails to mention the alleged mortgage denial he references in his Declaration. *See* FAC, ¶ 23 (*cf.*, Cmplt., ¶ 27). As to debt collection activity, Plaintiff has once again failed to "allege any 'animating purpose' for the communications at issue" or "facts from which a collection-related motivation could be inferred." Order, p. 9:9-10. Plaintiff does not—and cannot—explain how continuing to report a formerly disputed debt as disputed is connected in any way to an attempt to collect the debt. *See* FAC, ¶¶ 16-22.

Accordingly, because Plaintiff has failed to plead any facts supporting standing or showing a debt collection attempt by Defendant, the Court should dismiss Plaintiff's FAC without leave to amend.

## II. THE COURT'S ORDER AND THE ALLEGATIONS OF THE FAC

In its Order on Defendant's Motion for Judgment on the Pleadings ("Motion"), the Court dismissed Plaintiff's FDCPA claim with leave to amend on two grounds. First, without expressly ruling on whether the vague damages alleged at Paragraph 27 of Plaintiff's Complaint were sufficient to support Article III standing, the Court held that the facts asserted in Plaintiff's Declaration—most notably that he was "unable to get a mortgage loan" because of the reporting of his debt as disputed—"would appear indisputably to establish standing if added to the complaint." *See* Order, pp. 4:9-13 and 5:27-6:2. For this reason, the Court granted "the Motion to allow Plaintiff to allege the facts set forth in his declaration." *Id.* at p. 4:11-13. However, Plaintiff does not include any of these facts in his FAC. Instead, he alleges the exact same damages he did in his Complaint. *See* FAC, ¶ 23; *cf.*, Cmplt., ¶ 27.

The second ground on which the Court dismissed Plaintiff's FDCPA claim was that it did not adequately allege that Defendant's continued reporting of the debt as "disputed" was a communication made "in connection with the collection of any debt." Order, p. 8:26-9:1. The Court elaborated that Plaintiff did not allege any "animating purpose" for the communications at issue and pled "no facts from which a collection-related motivation could be inferred." *Id.*, p. 9:9-10. Accordingly, the Court dismissed Plaintiff's FDCPA claim without prejudice on that additional ground. However, Plaintiff's FAC fails to allege any facts suggesting that Defendant reported the debt as "disputed" for the purpose of collecting on it. Instead, the factual allegations of the FAC are identical to those of Plaintiff's defective Complaint. *See* FAC, ¶¶ 16-22; Cmplt., ¶¶ 20-26.

## III. LEGAL STANDARD

### A. Legal Standard on a 12(b)(1) Motion

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction, including lack of standing. *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377 (1994). A challenge brought pursuant to Rule 12(b)(1) may

be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge is confined to the allegations in the complaint, whereas a factual challenge permits the court to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "Dismissal for lack of subject matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 89 (1998) (*quoting Oneida Indian Nation of N.Y. v. Cty. Of Oneida*, 414 U.S. 661, 666 (1974)).

Here, Plaintiff's FDCPA claim remains insubstantial, implausible, and foreclosed by the prior decisions of this Court because he has failed to allege the "tangible monetary harm" that he claimed in his Declaration—*i.e.*, his purported inability to obtain a mortgage loan.

**B. Legal Standard on a 12(b)(6) Motion**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as

true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 56-57 (2007) (internal citations omitted).

Here, Plaintiff's FDCPA claim remains implausible on its face because he has failed to comply with this Court's directive to allege facts suggesting that the reporting at issue constitutes debt collection activity.

IV. **LEGAL ARGUMENT**

   **A. Plaintiff Continues to Have No Article III Standing Because He Has Not Alleged Any Concrete Harm**

To establish standing, a plaintiff must allege: (1) an injury in fact, (2) that is fairly traceable to Defendant's conduct, and (3) that the injury is likely to be redressed by a favorable judicial decision. *See Spokeo,* 578 U.S. 330, 338 (2016). A plaintiff, as the party invoking jurisdiction, bears the burden of establishing these elements. *See id.* At the pleading stage, a plaintiff must "clearly ... allege facts demonstrating" each element. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

An injury in fact must be both concrete and particularized. *See Spokeo*, 578 U.S. at 339-340. Because "Article III standing requires a concrete injury even in the context of a statutory violation ... a bare procedural violation, divorced from any concrete harm," does not confer standing upon a plaintiff. *Id.* at 341  This is because a violation of a statute's "procedural requirements may result in no harm." *Id.* at 342. In the context of the FCRA, the *Spokeo* Court noted that "not all inaccuracies [proscribed by the statute] cause harm or present any material risk of harm." *Id.* For example, "[i]t is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id.*

In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Supreme Court expanded on its *Spokeo* analysis to hold that under the FCRA, "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *Id.* at 2210.  In *TransUnion*, the Court refused to find concrete harm sufficient to support Article III standing under the FCRA where an allegedly inaccurate alert was placed on certain class plaintiffs' credit files, but not disseminated.  *Id.* at 2209-10.  The *TransUnion* Court analogized the case to one for defamation, suggesting that "[i]n cases such as these where allegedly inaccurate or misleading information sits in a company database, the plaintiffs' harm is roughly the same, legally speaking, as if someone wrote a defamatory letter and then stored it in her desk drawer." *Id.* at 2210.  That is, there is no cognizable legal harm.  *Id.*

The Ninth Circuit recently applied the Constitutional concrete harm requirement to an FDCPA claim in *Adams v. Skagit Bonded Collectors, LLC*, 836 F. App'x 544 (9th Cir. 2020).  In *Adams*, the plaintiff alleged that a debt collector violated section 1692e of the FDCPA by failing to accurately identify the creditor in a debt collection letter.  *Id.* at 545.  The plaintiff claimed he was harmed because, "upon reading the letter, [he] was unsure of who the current creditor was." *Id.*  The *Adams* Court found that the plaintiff failed to allege "actual harm or a material risk of harm to the interests protected by the FDCPA." *Id.* at 547.  Specifically, the plaintiff failed to allege that "he took or forewent any action because of the allegedly misleading statements in the letters" and that his alleged "confusion" did not constitute "an actual harm to [his] concrete interests." *Id.*

Here, as in *Adams*, Plaintiff claims that Defendant violated section 1692e of the FDCPA, which prohibits any "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. 1692e.  Also as in *Adams*, Plaintiff does not allege that he took or forewent any action based on the alleged representation that his debt was "disputed," rather than "undisputed."  *See* FAC, ¶ 23. In fact, Plaintiff had previously disputed the debt, and Defendant reported to the

CRAs that he did so, as required by the FDCPA. *Id.*, ¶ 19.

Despite his prior and public dispute of the debt, Plaintiff references purported feelings of "fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions" arising from the alleged continued reporting of the debt as "disputed." FAC, ¶ 23. But there is no causal link between Plaintiff's alleged emotions and Defendant's reporting of the debt as "disputed"—especially when Plaintiff admits that he previously disputed the debt. Reporting an undisputed (but previously disputed) debt as disputed is a harmless error akin to misreporting a zip code: in the words of the *Spokeo* Court, "[t]t is difficult to imagine how [this reporting], without more, could work any concrete harm." *Id.*

In short, Plaintiff has not, and cannot, allege any conceivable concrete harm stemming from the reporting of the accounts as disputed. The fact that Plaintiff declined to add any facts concerning his alleged mortgage loan denial suggests that even he does not believe that the reporting of the debt as "disputed" caused him any concrete harm. Accordingly, Plaintiff's FDCPA claim should be dismissed once again on this basis alone.

**B. Plaintiff's FDCPA Claim Continues to Fail Because He Has Alleged No Debt Collection Activity by Defendant**

To establish a claim for violation of the FDCPA, a plaintiff must allege that: (1) the defendant was attempting to collect a "debt," (2) the defendant is a "debt collector," (3) the plaintiff is a "consumer," and (4) the defendant violated at least one subsection of the FDCPA. *Hedayati v. Judge L. Firm, APC*, 2018 WL 6307872, at *2 (C.D. Cal. Jan. 16, 2018) (*citing Gutierrez v. Wells Fargo Bank,* No. C 08-5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009)). Generally, conduct that is not taken in connection with the collection of a debt is not covered under the FDCPA. *Narog v. Certegy Check Servs., Inc.*, 759 F. Supp. 2d 1189, 1193 (N.D. Cal. 2011); 15 U.S.C. 1692e ("A debt collector may not use any false, deceptive, or misleading

representation or means *in connection with* the collection of any debt.") (emphasis added).

As this Court pointed out in its Order, while neither the FDCPA nor the Ninth Circuit have defined the phrase, "in connection with the collection of any debt," a generally accepted definition derived from other Circuit Courts of Appeals is that "for communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *See Carter v. Richland Holdings, Inc.*, 2019 WL 4773806, at *4 (D. Nev. Sept. 30, 2019) (citing *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also McIvor v. Credit Control Servs., Inc.,* 773 F.3d 909, 914 (8th Cir. 2014); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385–86 (7th Cir. 2010).

Here, the FAC once again fails to allege any "animating purpose" for the credit reporting at issue and "pleads no facts from which a collection-related motivation could be inferred." *See* FAC, ¶¶ 16-22; Cmplt., ¶¶ 20-26. As this Court previously recognized, credit reporting itself does not necessarily constitute a "communication" made "in connection with the collection" of a debt under the FDCPA. *See McIvor*, 773 F.3d at 915; *see also Billups v. Retail Merchs. Ass'n*, 620 F. App'x 211, 213-14 (5th Cir. 2015) (upholding dismissal of FDCPA claim where the plaintiff had "not plausibly alleged that the purpose of Lenders' credit reporting was to induce him to pay his debts"—*e.g.,* he did not allege that "he received a demand letter or any other communication from Lenders" nor "any other facts that would suggest Lenders reported the debts as a means to collect on the debts"). The allegation here is simply that Defendant reported the debt as being disputed (as was originally requested by Plaintiff), but failed to remove the dispute after Plaintiff acknowledged the debt. There can be no inference of a collection-related motive from this alleged conduct. To the contrary, reporting the debt as disputed implies that Plaintiff disagrees with the debt and thus will not pay.

Accordingly, Plaintiff has failed to plausibly allege that Defendant's

communications to the credit reporting agencies were made "in connection with the collection of any debt," and this provides a second basis for dismissing his FDCPA claim.

### C. Plaintiff's FAC Should Be Dismissed without Leave to Amend

While a court should grant leave to amend "when justice so requires," leave is "properly denied … if amendment would be futile." *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (citations and internal quotation marks omitted). In addition, the district court's discretion to deny leave to amend is "particularly broad" where, as here, the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003). Moreover, where, as here, there are no allegations of debt collection activity, courts routinely dismiss FDCPA claims without leave to amend. *See Narog,* F. Supp. 2d at 1192 (dismissing FDCPA claim without leave to amend where Plaintiff "failed to plead that defendant sought to collect a debt from him within the meaning of the Act"); *Montijo v. Hrdlicka*, No. 120CV00125DADEPG, 2021 WL 3857643, at *9 (E.D. Cal. Aug. 30, 2021) (dismissing FDCPA claim without leave to amend because there was "no 'debt collection' attempt by defendant").

Here, since Plaintiff has already been afforded an opportunity to amend—and has failed to plead that Defendant sought to collect a debt from him—the Court should dismiss his FDCPA claim without leave to amend.

### V. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's FAC without leave to amend.

DATED: May 17, 2022                    YU | MOHANDESI LLP

                                       By  */s/ B. Ben Mohandesi*
                                           B. Ben Mohandesi
                                           Attorneys for Defendant
                                           LVNV Funding, LLC

# CERTIFICATE OF SERVICE

I certify that on May 17, 2022, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties of record below by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

DATED:  May 17, 2022

By  */s/ B. Ben Mohandesi*
B. Ben Mohandesi