**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorneys for Plaintiff*,
Luis Samano

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SAMANO,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC,<br><br>Defendant. | **Case No.: 1:21-cv-01692-SKO**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ.; AND**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///

## INTRODUCTION

1. This is a case about a bad debt buyer who transmitted false credit reporting information about a consumer to credit bureaus.

2. **LUIS SAMANO** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, attorney fees, and costs, against **LVNV FUNDING, LLC** ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

///

8. This action arises out of Defendant's violations of the FDCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA

10. In enacting the FDCPA, Congress found that:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. The FDCPA is a strict liability statute. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

liability statute that makes debt collectors liable for violations that are not knowing or intentional").

12. To further protect consumers, claims under the FDCPA is to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

13. Plaintiff is a natural person who resides in Stanislaus County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant LVNV Funding, LLC is a Delaware corporation operating from an address of 55 Beattie Place STE 110 MS 576, Greenville, SC 29601, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the acquisition and collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

15. Plaintiff is an individual residing in Stanislaus County, California.

///

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

17. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.

18. On or about July 28, 2021, Plaintiff sent Defendant a letter saying words to the effect that he was no longer disputing his accounts and asked Defendant to report them as such to the Consumer Reporting Agencies (e.g. Experian, Transunion, Equifax, Innovis).

19. On or about August 9, 2021, Plaintiff received confirmation from the U.S. Postal Service that Defendant had received his letter.

20. On or about September 9, 2021, Defendant reported twice to Transunion and twice to Equifax that Plaintiff, in fact, disputed his accounts.

21. On information and belief, Defendant has continued from that time up through the present to report these accounts as disputed by Plaintiff twice per month to at least two different Consumer Reporting Agencies per month.

22. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Moscona v. California Business Bureau, Inc.,* No. 10- CV-1468 BEN (CAB), at *5 (S.D. Cal. Oct. 25, 2011) (cites to Letter from John F. LeFevre, Attorney, Federal Trade Commission, Office of the Secretary, to Robert G. Cass, Compliance Counsel, Commercial Financial Services (December 23, 1997), 1997 WL 33791232, at *1 - stating that the FTC views reporting to a CRA as collection activity), *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder"); *Accord Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010) ("threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver"), *aff'd on other*

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

*grounds,* 413 Fed. Appx. 925 (8th Cir. Mar. 17, 2011); *Blanks v. Ford Motor Credit*, 2005 WL 43981, at *3 (N.D. Tex. Jan. 7, 2005) (communicating information to credit reporting agency is communication in connection with collection of the debt); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 n.4 (D. Md. 2004) (reporting debt is "in connection with" debt collection); *Sullivan v. Equifax*, 2002 WL 799856, at *15 (E.D. Pa. Apr. 19, 2002) (reporting debt is powerful collection tool); *Ditty v. CheckRite*, Ltd., 973 F. Supp. 1320, 1331 (D. Utah 1997) (reporting bad check information to others is designed to give collector additional leverage over debtor); *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991) ("[P]lacing of a notation on an obligor's credit report . . . most certainly must be done in an effort to effect collection of the account. . .. Such a notation on a credit report is, in fact, just the type of creditor shenanigans intended to be prohibited by the automatic stay."). *See also Cass, FTC Informal Staff Letter*, 1997 WL 33791232, at *1 (Dec. 23, 1997) (reporting to credit bureau is "collection activity" that must cease until § 1692g(b) verification is provided: "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls"); *Ewers v. Rainmaker Recovery 3, Inc.,* 393 F. Supp. 3d 614, 620–21 (E.D. Mich. 2019) (A credit rating is extremely important to consumers, and can affect the ability to obtain credit, the rate of interest on loans, and even insurance rates. The reporting mechanism can thus pressure the consumer to pay the debt, perhaps to an even greater extent that a letter or a telephone call, and it serves the same purpose. In practical terms, and in view of the liberal construction owed to remedial statutes such as the FDCPA, it is an attempt to collect a debt). *See also* "Judge Partially Grants Defense's Motion in FDCPA Case Over Undisputed Debt," an article by Defense Counsel Rick Perr of Kaufman Dolowich & Voluck, ("Given the nature of credit reporting, this is

probably not a decision that will be adopted by many other courts. Most credit reporting by debt collectors and debt buyers is done in aid of debt collection, not out of some altruistic ideology to ensure a proper perspective on the creditworthiness of the consumer.")
https://www.accountsrecovery.net/2022/05/02/compliance-digest-may-2-2/

**ACTUAL DAMAGES**

23. Plaintiff was attempting to obtain a mortgage loan in late spring/early summer of 2021, and was working with a mortgage lender to purchase a new home. Plaintiff's lender looked at his credit and saw the "disputed" notation on the account at issue, and informed Plaintiff that he would not be able to obtain a mortgage loan because there was a disputed debt on his credit report. Because of this, Plaintiff sent a letter to Defendant dated July 28, 2021, asking that Defendant remove the dispute notation because Plaintiff was no longer disputing the account(s) at issue. Defendant did not remove the dispute notation, and Plaintiff was unable to obtain a mortgage loan.

24. Defendant's failure to remove the dispute notation from the account(s) at issue in this case is the reason Plaintiff was unable to obtain the mortgage loan he was seeking.

25. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

///
///
///
///

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF § 1692E OF THE FDCPA**

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. Defendant violated § 1692e when it, among other qualifying actions and omissions, willfully communicated credit information which was known or which should have been known to be false, to wit: that Plaintiffs accounts were disputed when, in fact, they were not.

29. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from LVNV Funding, LLC in an amount to be determined by the Court pursuant to 15 U.S.C. §1692k(a)(1) (FDCPA).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

   a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), against Defendant and for Plaintiff, and,

   b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) (FDCPA) against Defendant and for Plaintiff, and,

   c) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) (FDCPA) against Defendant and for Plaintiff, and,

   d) Award to Plaintiff of such other and further relief as may be just and proper.

///

///

## **TRIAL BY JURY IS DEMANDED**

30. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

|  |  |
|---|---|
|  | **THE CARDOZA LAW CORPORATION** |
| DATED: May 18, 2022 | BY: /s/ Lauren B. Veggian |
|  | Michael Cardoza, Esq. |
|  | Lauren B. Veggian, Esq. |
|  | Attorneys for Plaintiff |
|  | Luis Samano |

# ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

**ELECTRONICALLY STORED INFORMATION REQUEST**

# CERTIFICATE OF SERVICE

I, Lauren B. Veggian, am the ECF user whose identification and password are being used to file this document.

I also hereby certify that on May 18, 2022, I electronically filed a true and correct copy of the foregoing SECOND AMENDED COMPLAINT FOR DAMAGES with the Clerk of the Court for the United States District Court of California for the Eastern District using the CM/ECF system. I also certify that all participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

**THE CARDOZA LAW CORPORATION**

DATED: May 18, 2022

BY: /s/ Lauren B. Veggian
Lauren B. Veggian, Esq.
Attorney for Plaintiff,
Luis Samano