# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SAMANO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LVNV FUNDING, LLC,<br><br>　　　　Defendant.<br>_____/ | Case No.  1:21-cv-01692-SKO<br><br>ORDER VACATING HEARING AND GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. 27) |

## I.　INTRODUCTION

The matter before the Court is Defendant LVNV Funding, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion").[1]  (Doc. 27.)  On June 15, 2022, Plaintiff Luis Samano filed his opposition, (Doc. 31), and Defendant filed its reply on June 23, 2022 (Doc. 32).

The Court has reviewed the parties' papers and finds the matter suitable for decision without oral argument.  The hearing set for July 6, 2022, will therefore be vacated.

Having considered the briefing, and for the reasons set forth below, Defendant's Motion will be granted, with leave to amend.

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 11.)

## II. BACKGROUND

**A.   Factual Background**

This case concerns a consumer debt collector that Plaintiff alleges transmitted false information about him to credit reporting agencies. On or about July 28, 2021, Plaintiff sent Defendant, an acquirer and collector of delinquent consumer debts, a letter indicating that he was no longer disputing his accounts and asked Defendant to report them as such to various credit reporting agencies. (Doc. 25 ¶¶ 17–18.) Plaintiff received confirmation from the U.S. Postal Service that Defendant had received his letter on or about August 9, 2021. (*Id*. ¶ 19.)

On or about September 9, 2021, after having received Plaintiff's letter, Defendant reported to Transunion and to Equifax, on two occasions each, that Plaintiff disputed his accounts. (Doc. 25 ¶ 20.) On information and belief, Defendant has continued from that time up through the present to report these accounts as disputed by Plaintiff to at least two credit reporting agencies twice per month. (*Id*. ¶ 21.)

**B.   Procedural Background**

Plaintiff filed his original complaint for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., the Rosenthal Fair Debt Collections Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788 *et. seq*., and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code §§ 1785 et seq. (Doc. 1.) On March 21, 2022, Defendant filed a motion under Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure, contending that Plaintiff had not alleged a concrete injury sufficient to establish standing and failed to state claims under the FDCPA, Rosenthal Act, and CCRAA. (Doc. 16.) The Court granted the motion in part on April 19, 2022, dismissing without leave to amend Plaintiff's claims under the Rosenthal Act and the CCRAA, and dismissing Plaintiff's complaint with leave to amend Plaintiff's Article III standing allegations and to allege conduct "in connection with the collection of any debt" pursuant to 15 U.S.C. § 1692e. (Doc. 20.)

Plaintiff filed his Second Amended Complaint, the operative complaint, on May 18, 2022. (Doc. 25.) On June 1, 2022, Defendant filed the present motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff has again failed to allege conduct

"in connection with the collection of any debt" sufficient to state a claim under the FDCPA.  (Doc. 27.)

### III.    LEGAL STANDARD

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks and citations omitted).  Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim,'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996–97 (9th Cir. 2006); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.  To the extent that the pleadings can be cured by the allegation of additional facts,

the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### IV.   DISCUSSION

The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.  In addition, it is designed "to provide information that helps consumers to choose intelligently" in dealing with their debts.  *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir.2010) (quoting *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009)).  If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional."  *Id.* at 1030.

Plaintiff alleges Defendant violated 15 U.S.C. § 1692e when it "willfully communicated credit information which was known or which should have been known to be false, to wit: that Plaintiffs [sic] accounts were disputed when, in fact, they were not." (Doc. 25 ¶ 28.) Title 15 U.S.C. § 1692e prohibits debt collectors from "using false, deceptive, and misleading representation or means in connection with the collection of a debt," and Plaintiff's allegation tracks the language of § 1692e(8), which provides that a debt collector violates the FDCPA by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false."  Defendant contends that Plaintiff fails to allege that Defendant made a misrepresentation "in connection with the collection of his debt." (Doc. 27 at 5–8.)

While neither the FDCPA nor the Ninth Circuit have defined the phrase "in connection with the collection of any debt" under § 1692e, a generally accepted definition derived from other Circuit Courts of Appeals is that "for communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor."  *Carter v. Richland Holdings, Inc.*, No. 2:16-cv-02967-RFB-VCF, 2019 WL 4773806, at *4 (D. Nev. Sept. 30, 2019) (citing *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011)); *see also McIvor*, 773 F.3d at 914; *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385–86 (7th Cir. 2010).

After reviewing the Second Amended Complaint, the Court finds Plaintiff still does not

allege that an "animating purpose" of the communications at issue was to induce payment. Plaintiff responds that "[t]he fact that Defendant is reporting this debt to the [credit reporting agencies] at all is an animating purpose to induce payment of the debt" (Doc. 31 at 6), but he lacks support by the Ninth Circuit for this position—despite claiming it has been "established" by that Court (*id*. at 2). Plaintiff cites three cases decided by district courts within the Ninth Circuit in his opposition brief (*see id*. at 5, 7), but none concerns the application of the phrase "in connection with the collection of any debt" under § 1692e and are therefore not instructive. *See Moscona v. California Bus. Bureau, Inc*., No. 10-CV-1468 BEN CAB, 2011 WL 5085522, at *5 (S.D. Cal. Oct. 25, 2011) (granting summary judgment on the plaintiff's claim under § 1692g(b)); *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (denying the defendant's motion to dismiss for lack of personal jurisdiction in diversity action alleging tortious refusal to correct the plaintiff's credit); *Buchannon v. Associated Credit Servs., Inc*., No. 3:20-CV-02245-BEN-LL, 2021 WL 5360971, at *6 (S.D. Cal. Nov. 17, 2021) (granting the plaintiff's motion for default judgment).

In contrast to the authority cited by Plaintiff, at least one Circuit Court of Appeals **has** considered whether every communication between a debt collector and a credit reporting agency necessarily constitutes collection activity, and has held that it does not. *See McIvor v. Credit Control Servs., Inc*., 773 F.3d 909, 915 (8th Cir. 2014). In so doing, the Eight Circuit considered the same out-of-circuit legal authority Plaintiff cites in his brief. (*Compare McIvor*, 773 F.3d at 914 (citing FEDERAL TRADE COMMISSION, STAFF OPINION LETTER, 1997 WL 33791232 at *1 (December 23, 1997) and *Edeh v. Midland Credit Management, Inc*., 748 F. Supp. 2d 1030 (D. Minn. 2010), *aff'd*, 413 F. .App'x 925 (8th Cir. 2011)) *with* Doc. 31 at 5.) As it previously held, (*see* Doc. 20 at 9), the Court agrees with *McIvor*.

Not every communication with a credit reporting agency about a debt is made "in connection with the collection of any debt" under § 1692e as a matter of law. There is a recognized distinction, for example, between voluntary reporting of debts and reporting that is made in compliance with procedures required under the Fair Credit Reporting Act. *See McIvor*, 773 F.3d at 914 (citing *Edeh,* 748 F. Supp. 2d at 1035–36).

Here, Plaintiff pleads no facts from which a collection-related, as opposed to a compliance-

related, motivation could be inferred.  He does not allege, for example, that by continuing to report the debt as disputed, Defendant is inducing Plaintiff to pay the debt in order to remove the disputed notation from his account.  Instead, he merely alleges that Defendant falsely reported his accounts as disputed to credit reporting agencies.  That is not enough to state a claim for a violation of § 1692e.

Nevertheless, the Court finds it appropriate to grant Plaintiff one last opportunity to allege conduct "in connection with the collection of any debt" pursuant to 15 U.S.C. § 1692e, as the pleadings can be cured by the allegation of additional facts.  *Cook, Perkiss and Liehe, Inc.,* 911 F.2d at 247.  *See also Katzakian v. Collectibles Mgmt. Res*., No. CV F 12-1677 LJO SKO, 2013 WL 57712, at *6 (E.D. Cal. Jan. 4, 2013) (leave to amend § 1692e(8) claim granted).  *See also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). ("[W]hen a viable case may be pled, a district court should freely grant leave to amend."). *Cf. Narog v. Certegy Check Servs., Inc.*, 759 F. Supp. 2d 1189, 1192 (N.D. Cal. 2011) ("Dismissal of a . . . complaint without leave to amend is proper ***only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment***.") (internal quotations and citation omitted) (emphasis added).

### V.   CONCLUSION AND ORDER

As set forth above, this Court GRANTS Defendant's Motion to Dismiss (Doc. 27), dismissing Plaintiff's complaint with leave to amend to allege conduct "in connection with the collection of any debt" pursuant to 15 U.S.C. § 1692e.  Plaintiff, by no later than fourteen (14) days of the date of this order, shall file and serve either: (a) a third amended complaint in compliance with this order; or (b) a statement that Plaintiff elects not to proceed with this action.

The hearing on the Motion, currently set for July 6, 2022, is VACATED.

IT IS SO ORDERED.

Dated:   **June 27, 2022**                           /s/ *Sheila K. Oberto*                          .
                                             UNITED STATES MAGISTRATE JUDGE