1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SAMANO, | Case No.  1:21-cv-01692-SKO |
| Plaintiff, | ORDER VACATING HEARING AND DENYING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| LVNV FUNDING, LLC, | (Doc. 35) |
| Defendant. | |
| _____/ | |

## I.     INTRODUCTION

The matter before the Court is Defendant LVNV Funding, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint (the "Motion").[1]  (Doc. 35.)  On August 17, 2022, Plaintiff Luis Samano filed his opposition, (Doc. 36), and Defendant filed its reply on August 25, 2022 (Doc. 37).

The Court has reviewed the parties' papers and finds the matter suitable for decision without oral argument.  The hearing set for September 7, 2022, will therefore be vacated.

Having considered the briefing, and for the reasons set forth below, Defendant's Motion will be denied.

///

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 11.)

## II.   BACKGROUND

### A.   Factual Background

This case concerns a consumer debt collector that Plaintiff alleges transmitted false information about him to credit reporting agencies.  On or about July 28, 2021, Plaintiff sent Defendant, an acquirer and collector of delinquent consumer debts, a letter indicating that he was no longer disputing his accounts and asked Defendant to report them as such to various credit reporting agencies.  (Doc. 34 ¶¶ 17–18.)  Plaintiff received confirmation from the U.S. Postal Service that Defendant had received his letter on or about August 9, 2021.  (*Id.* ¶ 19.)

On or about September 9, 2021, after having received Plaintiff's letter, Defendant reported to Transunion and to Equifax, on two occasions each, that Plaintiff disputed his accounts.  (Doc. 34 ¶ 20.)  On information and belief, Defendant has continued from that time up through the present to report these accounts as disputed by Plaintiff to at least two credit reporting agencies twice per month.  (*Id.* ¶ 21.)  Plaintiff alleges that by continuing to report the account as disputed, Defendant prevented Plaintiff from obtaining a mortgage and thus attempting to induce Plaintiff to pay the account in order to have the dispute notation removed when the account status is updated after payment is made.  (*Id.* ¶ 23.)

### B.   Procedural Background

Plaintiff filed his original complaint for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., the Rosenthal Fair Debt Collections Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788 *et. seq*., and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code §§ 1785 et seq.  (Doc. 1.)  On March 21, 2022, Defendant filed a motion under Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure, contending that Plaintiff had not alleged a concrete injury sufficient to establish standing and failed to state claims under the FDCPA, Rosenthal Act, and CCRAA.  (Doc. 16.)  The Court granted the motion in part on April 19, 2022, dismissing without leave to amend Plaintiff's claims under the Rosenthal Act and the CCRAA, and dismissing Plaintiff's complaint with leave to amend Plaintiff's Article III standing allegations and to allege conduct "in connection with the collection of any debt" pursuant to 15 U.S.C. § 1692e.  (Doc. 20.)

Plaintiff filed his Second Amended Complaint on May 18, 2022. (Doc. 25.) On June 1, 2022, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff has again failed to allege conduct "in connection with the collection of any debt" sufficient to state a claim under the FDCPA. (Doc. 27.) The Court granted the motion on June 28, 2022, with "one last opportunity" to amend . (Doc. 33.)

On July 20, 2022, Plaintiff filed his Third Amended Complaint, the operative complaint.[2] (Doc. 34.) Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6) on August 3, 2022, raising the same grounds for dismissal as those raised in his prior motion. (*See* Doc. 35.)

### III.   LEGAL STANDARD

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks and citations omitted). Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim,'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.

---

[2] Defendant points out that the Third Amended Complaint was filed nine days late. (*See* Doc. 35 at 4.) Plaintiff does not dispute that his filing was untimely, and blames a "calendaring error." (Doc. 36 at 7–8.) In the absence of any apparent prejudice, which Defendant has not shown, the Court shall permit the late filing. Plaintiff is cautioned that any future failures to comply with this Court's deadlines, even if inadvertent, will be looked upon with disfavor.

2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996–97 (9th Cir. 2006); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV.    DISCUSSION

The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. In addition, it is designed "to provide information that helps consumers to choose intelligently" in dealing with their debts. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir.2010) (quoting *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009)). If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." *Id*. at 1030.

Plaintiff alleges Defendant violated 15 U.S.C. § 1692e when it "willfully communicated credit information which was known or which should have been known to be false, to wit: that Plaintiffs [sic] accounts were disputed when, in fact, they were not." (Doc. 34 ¶ 29.) Title 15 U.S.C. § 1692e prohibits debt collectors from "using false, deceptive, and misleading representation or means in connection with the collection of a debt," and Plaintiff's allegation tracks the language of § 1692e(8), which provides that a debt collector violates the FDCPA by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false." Defendant contends that Plaintiff fails to allege that Defendant made a misrepresentation "in connection with the collection of his debt." (Doc. 35 at 6–9.)

1    While neither the FDCPA nor the Ninth Circuit have defined the phrase "in connection with

2    the collection of any debt" under § 1692e, a generally accepted definition derived from other Circuit

3    Courts of Appeals is that "for communication to be in connection with the collection of a debt, an

4    animating purpose of the communication must be to induce payment by the debtor."  *Carter v.*

5    *Richland Holdings, Inc.*, No. 2:16-cv-02967-RFB-VCF, 2019 WL 4773806, at *4 (D. Nev. Sept.

6    30, 2019) (citing *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011)); *see also*

7    *McIvor*, 773 F.3d at 914; *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385–86 (7th Cir. 2010).

8    Plaintiff alleges in his Third Amended Complaint that he

9
10
11
12
13

> was attempting to obtain a mortgage loan in late spring/early summer of 2021, and was working with a mortgage lender to purchase a new home.  Plaintiff's lender looked at his credit and saw the "disputed" notation on the account at issue, and informed Plaintiff that he would not be able to obtain a mortgage loan because there was a disputed debt on his credit report.  Because of this, Plaintiff sent a letter to Defendant dated July 28, 2021, asking that Defendant remove the dispute notation because Plaintiff was no longer disputing the account(s) at issue.  Defendant did not remove the dispute notation, and Plaintiff was unable to obtain a mortgage loan.

14    (Doc. 34 ¶ 24.)  According to Plaintiff, "by continuing to report the account as disputed," Defendant

15    is "attempting to induce Plaintiff to pay the account in order to have the dispute notation removed"

16    so that he can obtain a mortgage loan. (*Id.* ¶ 23.)

17    Taking these allegations as true, as the Court must at this stage of the proceedings, the Court

18    finds that Plaintiff has adequately alleged that an "animating purpose" of Defendant's continued

19    reporting of his account as "disputed" was to induce payment of his debt so that he would remove

20    the barrier to his obtaining a mortgage. Defendant criticizes Plaintiff's "underlying theory of

21    liability" (Doc. 35 at 8; see also Doc. 37 at 6–7), but Plaintiff's allegations give rise to a claim that

22    is at least "plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

23    The unpublished case of *Roth v. Equifax Information Services, LLC*, on which Defendant

24    relies, does not alter the Court's analysis.  That case—which concerned a claim brought under §

25    1692e(2)(A), not § 1692e(8)—observed, in *dictum*, that the FDCPA does not impose a duty on debt

26    collectors to update the dispute status of each debt it has reported.  *See Roth*, No. 2:16-CV-04325

27    JWS, 2017 WL 2181758, at *2 (D. Ariz. May 17, 2017) (citing *Wilhelm v. Credico, Inc.*, 519 F.3d

28    416, 418 (8th Cir. 2008)).  This Court does not disagree and, in fact, addressed this issue in a prior

order in this case.  (*See* Doc. 20 at 8 ("[T]here appears no affirmative duty by a debt collector to report a debt to the credit reporting agencies as disputed (or no longer disputed) . . . .) (citing *Kozlowski v. Bank of Am., N.A.,* No. 1:18-cv-00131-DAD-EPG, 2018 WL 5099765, at *5 (E.D. Cal. Oct. 18, 2018).)

This Court went on, however, to note, "*[I]f* the debt collector elects to communicate credit information about a consumer, its communication must not be false, deceptive, or misleading." (Doc. 20 at 8 (citing *Kozlowski,* 2018 WL 5099765, at *5, and quoting *Wilhelm.,* 519 F.3d at 418, (internal citations omitted).)  This is the nature of Plaintiff's allegations in this case: Defendant violated the FDCPA by communicating false credit reporting information to the credit reporting agencies and continuing to report his accounts as disputed even though he had withdrawn his dispute.  (*See* Doc. 34 ¶¶ 29.)  These allegations stand in stark contrast to *Roth*, where there was "no allegation regarding any communication between [the defendant] and [the credit reporting agency] or the substance of any such communication" contained in the complaint.  *Roth*, 2017 WL 2181758, at *2.

**V.      CONCLUSION AND ORDER**

For the foregoing reasons, the Court finds that Plaintiff has plausibly alleged conduct "in connection with the collection of any debt" pursuant to 15 U.S.C. § 1692e.  Accordingly, Defendant's motion to dismiss (Doc. 35) is DENIED.  The hearing on the Motion, currently set for September 7, 2022, is VACATED.

IT IS SO ORDERED.

Dated:   **August 31, 2022**                          /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE